UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ALICE CARROLL,

    Plaintiff(s),

                Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD., a
Liberian Corporation,

                Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff ALICE CARROLL sues Defendant ROYAL CARIBBEAN CRUISES LTD., a Liberian corporation with its principal place of business in Florida, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1.    This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.    Plaintiff, ALICE CARROLL is a permanent resident of the state of Texas and is sui juris.

3.    Defendant ROYAL CARIBBEAN is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida. For federal jurisdictional purposes, it is both a citizen of Liberia and a citizen of Florida.

...

CASE NO.

4.      This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district, rather than in a Florida state court as otherwise permitted by the Saving To Suitor's Clause of 28 U.S.C. §1333.

5.      Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So. 3d 561,562 (Fla. 3d DCA 2008).

6.       At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

7.      The Defendant's principal place of business is located in Miami-Dade County Florida. Accordingly, venue is proper in this Court.

8.      Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract on January 31, 2019.  A copy of the notice of claim, made by certified mail, is attached as Exhibit 1.  Further, the Defendant has agreed to extend the time provided by the ticket contract to file suit.

CASE NO.

**LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

9. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "EMPRESS OF THE SEAS."

10. At all material times, the Plaintiff was a fare-paying passenger on board the M/S "EMPRESS OF THE SEAS" and in that capacity was lawfully present on board the vessel.

11. On or about January 22, 2019, while the Plaintiff was lawfully on board the M/S EMPRESS OF THE SEAS as a fare paying passenger, she was walking in the Windjammer Café area when she slipped on a wet, foreign or transitory substance and thereby fell, sustaining serious injuries.

12. As a direct and proximate result of the slip and fall as described above, the Plaintiff was injured in and about her body and extremities, suffered pain and suffering therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation of preexisting injuries, and the inability to lead a normal life. Furthermore, Plaintiff incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries. Plaintiff has also lost earnings and will continue to lose earnings or earning capacity in the future. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

CASE NO.

## **COUNT I – NEGLIGENCE**

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

13. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the floor surface in the Windjammer Café and the area where Plaintiff fell in a reasonably safe condition, including a duty to correct dangerous conditions of which it knew or should have known in the exercise of reasonable care.

14. At all material times including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to it being wet and therefore slippery.

15. At all material times, the Defendant either knew or should have known of the dangerous condition in the area where the Plaintiff fell, or in the exercise of reasonable care should have known of its dangerous condition, because it was in a high traffic area, or due to the length of time the dangerous condition had existed, its recurring nature, or both, and Defendant accordingly owed a duty to Plaintiff timely to exercise reasonable care, or to remedy the dangerous condition.

CASE NO.

16. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of floor in the Windjammer Café, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to maintain the area in a reasonably safe condition or to correct the dangerous condition. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

17. The Defendant's specific negligent acts or omissions consist of one or more of the following:

    a. Failing to maintain the floor surface or area in a reasonably safe condition;

    b. Failing to comply with Defendant's policies and procedures for preventing slip and fall accidents;

    c. Failing to conduct sufficiently frequent routine inspections of the area where Plaintiff fell for wetness, slipperiness or contaminants;

    d. Failing timely to correct or remedy the wet or slippery condition of the area where Plaintiff fell.

18. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and continues to sustain the damages alleged in Paragraph 12 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

CASE NO.

## **COUNT II – NEGLIGENT FAILURE TO WARN**

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

19. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn of dangerous conditions of which it knew or should have known in the exercise of reasonable care.

20. At all material times, including the time referenced in the preceding paragraph, the surface of the area where the Plaintiff fell was in a high traffic area and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to the presence of a wet, foreign or transitory substance and therefore slippery.

21. At all material times, the Defendant either knew or should have known of the dangerous wet, foreign or transitory substance condition of the area in which the Plaintiff fell, or in the exercise of reasonable care should have known of the condition because it was in a high traffic area, or due to the length of time it had existed, its recurring nature, or both, and Defendant owed a the Plaintiff a duty to warn her adequately of the dangerous condition.

21. Alternatively, at all material times, the Defendant created the dangerous wet, foreign, or transitory substance in the area where Plaintiff fell and therefore either knew or should have known of the presence or in the exercise of reasonable care should have known of

CASE NO.

the condition because it was in a high traffic area, or due to the length of time it had existed, its recurring nature, or both, and Defendant owed a the Plaintiff a duty to warn her adequately of the dangerous condition.

22. Notwithstanding Defendant's actual or constructive knowledge or creation of the dangerous condition of floor in the Windjammer Café, the Defendant failed before the time of the Plaintiff's fall the Defendant failed to take reasonable measures adequately to warn the Plaintiff. The Defendant's specific negligent acts or omissions consist of one or more of the following:

   a. Failing to properly warn passengers including the Plaintiff of the subject dangerous condition of the floor in the Windjammer Café and area where Plaintiff fell that Defendant knew, or in the exercise of reasonable care should have known existed;

   b. Failing to properly warn passengers including the Plaintiff of the slippery nature of the flooring/ and or of the presence of a wet, foreign or transitory substance on the floor;

23. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff sustained and continues to sustain the damages alleged in Paragraph 12.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

CASE NO.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 19th day of May, 2020.

                                          **s/NICHOLAS I. GERSON**
                                          NICHOLAS I. GERSON
                                          Florida Bar No. 0020899
```
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:  (305) 371-6000
Facsimile:  (305) 371-5749
```